UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

    Plaintiff,

v.

MICHIGAN FIRST
CREDIT UNION,

    Defendant.
_____/

Case No. 25-12365

Hon. F. Kay Behm

**ORDER GRANTING APPLICATION TO PROCEED**
**_IN FORMA PAUPERIS_ AND DISMISSING COMPLAINT**

On July 31, 2025, Plaintiff Denzel Early filed a complaint and an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although pro se complaints are liberally

2

construed and held to a less stringent standard than those drafted by attorneys, pro se litigants must nonetheless comply with the basic pleading requirements of Rule 8. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff is suing Michigan First Credit Union because it refused to open a "business bank account for Plaintiff's tribal government organization, despite the presentation of a valid IRS-issued Tribal Government EIN [employer identification number]." ECF No. 1 at ¶ 1. Plaintiff alleges that he "is a resident of Detroit, Michigan, and principal officer of a tribally chartered governmental body based on ancestral Indigenous governance." *Id.* at ¶ 3. Plaintiff contends that the denial of the bank account is discriminatory and that he should not be required to present "proof of federal tribal recognition" because he has an IRS employer identification number. *Id.* at ¶ 10. Plaintiff alleges violations of the Equal Credit Opportunity Act, Title VI of the Civil Rights Act of 1964, due process under the U.S. Constitution, and international human rights law.

The Equal Credit Opportunity Act ("ECOA") prohibits creditors from discriminating against a credit applicant, with respect to a credit transaction, "on the basis of race, color religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1).  A plaintiff can establish a

3

*prima facie* case of credit discrimination by showing: 1) he is a member of a protected class; 2) he applied for credit from Defendant; 3) he was qualified for the credit; 4) and despite his qualification, Defendant denied the credit application. *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 877 (6th Cir. 2002).

It does not appear from Plaintiff's complaint that he is alleging that he applied for credit as defined in the ECOA. *See* 15 U.S.C.A. § 1691a(d).[1] He also has not alleged that he is a member of a protected class; being a member of "a tribally chartered governmental body based on ancestral Indigenous governance" does not count. "Federal Courts have consistently held that national origin protection does not apply to native-born individuals . . . who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian Tribe." *Alzid v. Blue Cross Blue Shield of Michigan*, 671 F. Supp. 3d 786, 797 (E.D. Mich. 2023) (citing cases).

Membership in a protected category is likewise required to state a claim for discrimination under Title VI of the Civil Rights Act of 1964. The

---

[1] "The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C.A. § 1691a(d).

4

statute provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. Again, Plaintiff's allegation of membership in an unspecified "Indigenous" tribe is insufficient. *See, e.g., Wilson v. Art Van Furniture*, 230 F.3d 1358 (6th Cir. 2000) (rejecting national origin claim when the plaintiff "was born in the United States, and presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire"); *Gilmore-Bey v. Meltser*, No. 23-12651, 2024 WL 3740110, at *3 (E.D. Mich. Apr. 22, 2024), *report and recommendation adopted,* 2024 WL 3385585 (E.D. Mich. July 11, 2024) (finding no plausible allegation of national origin discrimination and noting that "there is no federally recognized 'Autochthonous' or 'Indigenous Native American' tribe").

Plaintiff's due process claim is also facially deficient. A claim to redress constitutional violations under 42 U.S.C. § 1983 must establish "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how

5

discriminatory or wrongful' the party's conduct." *Id.* This is because the Constitution "typically protect[s] citizens from the government, not from each other." *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 280 (6th Cir. 2023). A plaintiff alleging a constitutional claim against a private party, such as the defendant here, must show that "the specific conduct of which [he] complains" is "fairly attributable" to the government. *Id.* at 281. Plaintiff has not alleged that Michigan First Credit Union's conduct is fairly attributable to the government, which alone is fatal to his claim. In addition, a refusal to open a bank account, which does not deprive Plaintiff of life, liberty, or property, does not plausibly give rise to a claim for a due process violation. *See* U.S. CONST. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law.").

Nor is the refusal to open a bank account a cognizable violation of "international human rights law, including UN Security Council Resolution 2462," which relates to the prevention of financing terrorist acts. In this regard, Plaintiff's allegations are clearly frivolous.

Accordingly, it is **ORDERED** that Plaintiff's complaint is **DISMISSED**. The court declines to grant permission to appeal *in forma pauperis*, as

6

Plaintiff's claims are frivolous and any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

    **SO ORDERED.**

Dated: August 7, 2025                                              s/F. Kay Behm
                                                                         F. Kay Behm
                                                                         United States District Judge